# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

RAVEL FERRERA PARRA,
Plaintiff, Pro Se,

v.

SOCIAL SECURITY ADMINISTRATION REGION 2,
SOCIAL SECURITY ADMINISTRATION OFFICE OF
HEARINGS OPERATIONS,
SSA REGION 2 APPEALS AND FOIA OFFICERS,

Defendants.
CIVIL ACTION NO.: [To Be Assigned]

**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND
CONSTITUTIONAL RELIEF UNDER THE FIFTH
AMENDMENT, ILLEGAL EXACTION THEORY, AND
EQUAL PROTECTION CLAUSE**

**INTRODUCTION**

Plaintiff Ravel Ferrera Parra brings this action against
institutional components of the Social Security Administration
located within Region 2, headquartered in New York, for
constitutional violations arising from procedural misconduct,
retaliatory denial of access, and systemic deprivation of vested
rights. This Complaint does not seek review of any benefits
determination, nor does it duplicate claims currently pending
before the District of New Jersey or the Court of Federal Claims.
Rather, it challenges the agency's unauthorized actions under the
Fifth and Fourteenth Amendments, including takings of
protected legal interests, illegal exaction of procedural rights,
and discriminatory conduct under color of federal authority.

This Court is the appropriate forum to address those
constitutional claims, which are based on Region 2's
institutional misconduct in handling Plaintiff's legal access,

evidence development, FOIA processing, and whistleblower reports. The claims asserted herein are jurisdictionally distinct from those asserted under the Federal Tort Claims Act or benefits-based appeals. The relief sought is declaratory, injunctive, and compensatory, directed solely at unlawful conduct by regional SSA components located within the Southern District of New York.

### JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 5 U.S.C. §§ 702 and 706 (Administrative Procedure Act), and the Fifth and Fourteenth Amendments to the United States Constitution. The Plaintiff seeks relief for constitutional takings, illegal exactions, and discriminatory administrative conduct by federal officers acting under the color of law.

Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(e)(1)(A)–(C), as the regional offices and decision-makers involved in the deprivation of Plaintiff's rights operate within SSA Region 2 and the New York-based Office of Hearings Operations (OHO). Key correspondences, directives, and denials of accommodation originated from officials located in Region 2's jurisdiction.

Plaintiff does not challenge any SSA benefits determination or administrative exhaustion under 42 U.S.C. § 405(g), nor does this action duplicate claims currently pending before the U.S. District Court for the District of New Jersey. This case challenges constitutional and administrative misconduct independently actionable under Bivens-adjacent doctrine, the APA, and direct Fifth Amendment authority. Relevant supporting documents are attached as EXHIBIT 2 (pages 15–43), EXHIBIT 3 (pages 48–73), EXHIBIT 4 (pages 107–140), and EXHIBIT 7 (pages 312–344), establishing Region 2's role in violating Plaintiff's rights.

### PARTIES

1. Plaintiff RAVEL FERRERA PARRA is a resident of New Jersey and a former federal claimant under Title II and Title XVI of the Social Security Act. Plaintiff brings this action pro se and

has exhausted all nonduplicative remedies available under the Social Security Act and Administrative Procedure Act. Plaintiff has submitted numerous signed authorizations, appeals, and complaints to the Social Security Administration, and has been retaliated against through fabricated threat designations, misclassification of filings, and denial of access to legal procedures and accommodations. Plaintiff's procedural and evidentiary rights have been violated by Region 2 officials acting in their official capacity.

2. Defendant SOCIAL SECURITY ADMINISTRATION REGION 2 is the northeastern division of the Social Security Administration encompassing New York, New Jersey, and Puerto Rico. Region 2 manages hearings, appeals, and policy enforcement through its New York-based Office of Hearings Operations and regional appellate officers. Region 2 agents and decision-makers engaged in the misconduct and procedural retaliation outlined in this Complaint.

3. Defendant SOCIAL SECURITY ADMINISTRATION OFFICE OF HEARINGS OPERATIONS (OHO), Region 2, is responsible for the adjudication of disability claims and implementation of ALJ decisions. OHO Region 2 failed to honor signed medical releases, manipulated Plaintiff's records, and enforced exclusionary classifications without procedural justification.

4. Defendant SSA REGION 2 APPEALS AND FOIA OFFICERS includes individuals responsible for appellate procedures and FOIA processing within Region 2. These officers ignored or misclassified Plaintiff's requests for record correction, evidence submissions, and fraud reports in violation of SSA policy and federal disclosure obligations.

**STATEMENT OF FACTS**

1. From 2019 through 2024, Plaintiff Ravel Ferrera Parra engaged in formal communications with SSA Region 2 and the Office of Hearings Operations (OHO) to obtain disability benefits under Title II and Title XVI. Despite meeting legal criteria, Plaintiff faced escalating administrative barriers, culminating in being falsely designated as a security threat and

barred from SSA facilities. [See EXHIBIT 5 / Pages 181–182; EXHIBIT 6 / Pages 256–257.]

2. SSA repeatedly failed to honor signed SSA-827 medical release forms and withheld crucial medical evidence from the Administrative Law Judge (ALJ). Even after being reminded of this obligation, SSA officials either delayed, misdirected, or suppressed Plaintiff's evidence submissions. [See EXHIBIT 4 / Pages 107–110; EXHIBIT 8 / Pages 372–375.]

3. Plaintiff was banned from all SSA locations in February 2022 without formal hearing or justification. This retaliatory act followed congressional inquiries made on Plaintiff's behalf. SSA refused to disclose any documentation substantiating the "threat" label and obstructed FOIA appeals that could expose administrative abuse. [See EXHIBIT 5 / Pages 181–182; EXHIBIT 9 / Pages 462–468.]

4. Region 2 officials failed to include multiple medical documents and third-party statements in Plaintiff's file, violating SSA's own procedural requirements under 20 CFR §§ 404.1512 and 416.912. These omissions occurred after direct appeals for record correction and disability review. [See EXHIBIT 2 / Pages 15–43; EXHIBIT 7 / Pages 316–340.]

5. Despite multiple urgent filings citing terminal medical conditions, housing instability, and ADA-protected needs, SSA refused to grant expedited relief or engage in good faith processing. SSA also ignored or misrouted appeals, escalating Plaintiff's condition and causing prolonged harm. [See EXHIBIT 3 / Pages 48–73; EXHIBIT 4 / Pages 117–140; EXHIBIT 6 / Pages 252–270.]

6. SSA Region 2's administrative conduct targeted Plaintiff for reprisal following fraud and discrimination complaints filed with Congress, DOJ, SSA OIG, and OSC. The agency's subsequent restriction of access and refusal to respond to legal notices constituted a constructive taking of legal remedies, procedural rights, and due process protections. [See EXHIBIT 9 / Pages 437–471.]

7. The misconduct documented in this Complaint forms a

pattern of systemic obstruction by Region 2 administrative units, violating constitutional norms under the Fifth and Fourteenth Amendments and warranting judicial oversight and declaratory relief.

**COUNT I: FIFTH AMENDMENT – UNCOMPENSATED TAKINGS**

1. Plaintiff reasserts and incorporates all prior paragraphs.

2. The Fifth Amendment to the United States Constitution provides that private property shall not be taken for public use, without just compensation.

3. Through prolonged administrative misconduct, SSA Region 2 deprived Plaintiff of protected legal entitlements, including but not limited to:
   a. Access to adjudicatory hearings;
   b. The right to submit and compel evidentiary review under SSA regulations;
   c. Procedural mechanisms guaranteed under 20 C.F.R. §§ 404.1512, 416.912, and FOIA statutes;
   d. Participation in hearings and accommodations as required under ADA Title II.

4. These deprivations were neither authorized under law nor remediable through the Social Security Act alone, and thus constitute a constructive taking of Plaintiff's procedural and evidentiary rights.

5. By imposing false classifications, ignoring certified authorizations, and obstructing access to due process, SSA officials operating under Region 2 imposed a public burden on Plaintiff in violation of the Takings Clause.

6. Plaintiff's interest in access to legal remedy, evidentiary development, and the impartial adjudication of rights qualifies as constitutionally protected property under federal law.

7. These interests were effectively seized, denied, and withheld without legal justification, opportunity for hearing, or compensation, thereby violating the Takings Clause.

8. As a result, Plaintiff seeks declaratory relief, compensatory damages, and any additional relief this Court deems just and proper under the Fifth Amendment.

**LEGAL CLAIMS**

**Count I – Fifth Amendment Takings**

1. Plaintiff reasserts and incorporates by reference all preceding paragraphs.

2. The Fifth Amendment to the United States Constitution provides that private property shall not be taken for public use, without just compensation.

3. SSA Region 2, acting through its Office of Hearings Operations (OHO), Appeals Division, and other administrative personnel, constructively deprived Plaintiff of vested legal rights, including access to hearings, case file development, medical evidence, and redress mechanisms guaranteed under the Administrative Procedure Act and applicable SSA regulations.

4. The deprivation was not merely administrative error or delay, but a systemic pattern of obstruction and retaliatory action, including fabricated threat classifications, facility bans, ignored FOIA responses, and denial of expedited relief based on verified terminal health conditions.

5. These actions deprived Plaintiff of control over legal, medical, and evidentiary records essential to enforce his rights and obtain due process remedies, amounting to a constructive governmental taking of procedural and property-based entitlements.

6. Plaintiff had a reasonable expectation of continued access to SSA proceedings and a protectable interest in the use and submission of medical records, legal notices, and witness statements. The government's refusal to act on, acknowledge, or return these submissions constituted a seizure of those procedural instruments for public adjudicatory use without compensation.

7. The resulting deprivation—exclusion from hearings, dismissal of claims based on non-existent misconduct, and denial of FOIA relief—led to tangible harms, including medical deterioration, prolonged homelessness, evidentiary destruction, and the erosion of protected administrative claims.

8. The Fifth Amendment prohibits the government from using its position to negate a person's right to be heard and to submit legally recognized proof, particularly in adjudicatory proceedings. By stripping Plaintiff of the opportunity to present his case based on manufactured exclusions, Defendants effectuated an unlawful taking.

9. Plaintiff therefore seeks declaratory relief and just compensation for the unconstitutional takings inflicted by SSA Region 2 between 2019 and 2024, supported by verified documentation as cited in EXHIBITS 2 through 9.

**COUNT II: ILLEGAL EXACTION**

1. Plaintiff reasserts and incorporates all prior paragraphs.

2. Under federal common law, an illegal exaction occurs when money, property, or rights are taken by officials without lawful authority or contrary to law.

3. SSA Region 2 officials unlawfully compelled Plaintiff to forfeit rights and protections guaranteed under statute and regulation, including:
  a. The right to submit and compel evidentiary development under 20 C.F.R. §§ 404.1512 and 416.912;
  b. The right to access hearings and appeal processes without being misclassified as a threat;
  c. The right to access FOIA and Privacy Act records vital to disability and constitutional claims;
  d. The right to pursue ADA Title II accommodations when facing systemic exclusion from agency offices.

4. These compelled forfeitures were extracted without a legal process or adjudication and were enforced through retaliatory practices and the misuse of agency classifications.

5. SSA Region 2's actions unlawfully deprived Plaintiff of federally protected rights and opportunities to vindicate legal claims. These procedural and informational rights hold recognized property status when unlawfully denied.

6. Plaintiff's attempts to assert administrative, statutory, and constitutional rights were obstructed and rerouted by Region 2 agents without a valid administrative or judicial order authorizing such exactions.

7. These acts rise to the level of an illegal exaction, remediable through declaratory relief and compensatory damages under constitutional and equitable principles.

8. Plaintiff seeks restitution, recognition of the agency's improper conduct, and any other relief the Court deems just and proper.


**COUNT III: EQUAL PROTECTION CLAUSE – DISCRIMINATORY TREATMENT**

1. Plaintiff reasserts and incorporates all prior paragraphs.

2. The Fourteenth Amendment, as applied to federal agencies through the Fifth Amendment's Due Process Clause, prohibits the federal government from denying any person the equal protection of the laws.

3. SSA Region 2 officials and their agents engaged in discriminatory administrative practices that disproportionately harmed Plaintiff as a disabled, indigent, and unrepresented claimant. These actions lacked a rational basis and departed from established SSA policy.

4. Plaintiff was treated differently from similarly situated applicants in the following ways:
   a. Being designated a 'threat' and excluded from SSA offices without substantiating evidence or any notice and hearing;
   b. Having FOIA and record correction requests ignored, delayed, or rerouted contrary to established timelines and protocols;

c. Being denied accommodations and procedural opportunities routinely granted to other claimants under the ADA and SSA manual guidelines.

5. The disparate treatment arose in direct response to Plaintiff's invocation of rights, complaints of fraud, and requests for record review, indicating retaliatory intent and unlawful targeting.

6. These acts constitute a violation of Plaintiff's constitutional rights under the Equal Protection Clause as enforced through federal equity jurisdiction.

7. Plaintiff seeks declaratory and injunctive relief, along with compensatory damages for discriminatory exclusion and unequal treatment in the administrative adjudication process.

**COUNT IV: RETALIATORY CLASSIFICATION AND PROCEDURAL OBSTRUCTION**

1. Plaintiff reasserts and incorporates all prior paragraphs.

2. The First and Fifth Amendments prohibit government officials from retaliating against individuals who engage in protected conduct, including petitioning for redress, filing administrative complaints, and asserting statutory or constitutional rights.

3. Following Plaintiff's formal complaints to SSA leadership, SSA OIG, the Department of Justice, and multiple congressional offices, SSA Region 2 officials engaged in deliberate procedural obstruction, including misclassification of filings, delays in adjudication, and misrouting of FOIA and appellate submissions.

4. Plaintiff was falsely classified as a security threat without notice, hearing, or documentation. This classification was used to:
  a. Exclude Plaintiff from SSA buildings;
  b. Prevent in-person hearings or evidence delivery;
  c. Circumvent required procedural responses under the SSA Appeals process and APA.

5. This retaliatory designation served no legitimate

governmental interest and was imposed after Plaintiff engaged
in protected legal advocacy and whistleblower reporting.

6. SSA's restriction of Plaintiff's access to its offices and
processes, under false pretenses and without evidence,
constituted a violation of the First Amendment's right to petition
and the Fifth Amendment's guarantee of procedural due process.

7. These actions caused direct harm by foreclosing available
remedies, delaying urgent adjudication, and excluding Plaintiff
from opportunities afforded to similarly situated claimants.

8. Plaintiff seeks a declaratory finding of retaliatory misconduct,
removal of the fabricated classification, compensatory relief for
the harm incurred, and an injunction to prohibit continued
misuse of threat designations against whistleblowers and ADA-
protected individuals.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court
enter judgment in his favor and award the following relief:

1. A declaratory judgment that Defendants' actions violated
Plaintiff's rights under the Fifth and Fourteenth Amendments to
the United States Constitution;
2. A declaratory judgment that Defendants' classification of
Plaintiff as a 'security threat' was procedurally invalid,
discriminatory, and retaliatory;
3. An injunction ordering SSA Region 2 to remove the 'threat'
classification and restore full procedural access to Plaintiff for
all SSA functions;
4. An injunction requiring SSA Region 2 to process Plaintiff's
future submissions in accordance with governing regulations
and to acknowledge record correction and FOIA requests on the
merits;
5. Compensatory damages for harm incurred due to exclusion
from administrative processes, evidentiary suppression,
retaliation, and constitutional deprivation;
6. Restitution for property rights and procedural interests taken
or obstructed without just compensation;
7. An award of costs and any additional relief that this Court

deems just and proper under the circumstances.

**VERIFICATION AND SIGNATURE**

I, Ravel Ferrera Parra, hereby verify under penalty of perjury under the laws of the United States of America that the foregoing Complaint is true and correct to the best of my knowledge, information, and belief.

Executed on this 19th day of May, 2025.

Respectfully submitted,

_____
Ravel Ferrera Parra
Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint will be served in accordance with Federal Rule of Civil Procedure 4(i), as follows:

• The United States Attorney for the Southern District of New York via certified mail;
• The Attorney General of the United States via certified mail;
• The General Counsel of the Social Security Administration via certified mail.

Because Plaintiff proceeds in forma pauperis, service may also be effected by the U.S. Marshals Service upon approval by the Court.

Executed on this 19th day of May, 2025.

_____
Ravel Ferrera Parra
Pro Se Plaintiff